UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:16-cv-00486 JAM AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies. ECF No. 33. Plaintiff's deadline to file an opposition to this motion is October 26, 2017. Related to their motion for summary judgment, defendants have filed two discovery-related motions which this order will dispose of. First, defendants seek a protective order staying all discovery, save for that which pertains to the issue of exhaustion, until the court rules on the motion for summary judgment. ECF No. 34. Second, defendants move for modification of the scheduling order, to extend the deadline for discovery to March 15, 2018 and the deadline for dispositive motions to June 9, 2018. ECF No. 35. For the reasons stated below, both motions will be granted.

////

////

1

## Motion for Protective Order

Under Rule 26(c)(1), a court may issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of a potentially dispositive issue generally furthers the goal of efficiency for both the court and the parties. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit.").

Defendants argue that their pending motion for summary judgment, if granted, will resolve this case in its entirety. ECF No. 34-1 at 6. The court agrees. The court also finds that plaintiff's ability to oppose the pending motion will not be prejudiced by the stay, given that it specifically exempts discovery related to the issue of exhaustion. ECF No. 34 at 7. Finally, it is evident that staying discovery until the pending motion for summary judgment is disposed of promotes the interests of efficiency. In the event defendants' motion is denied, a modest delay in non-exhaustion related discovery will not prejudice plaintiff.

## Motion to Modify Scheduling Order

Under the current scheduling order, the discovery cut-off date is December 15, 2017 and the last day to propound discovery is October 16, 2017. ECF No. 32. The current dispositive motion deadline is March 9, 2018. Id. Defendants have moved to extend the discovery cut-off deadline to March 15, 2018 and the deadline for dispositive motions to June 9, 2018. ECF No. 35. The court agrees that, in the event the pending motion for summary judgment is denied, modification of the scheduling order will be necessary. Accordingly, it will grant defendants' motion.

////

## Conclusion

It is ORDERED that:

1. Defendants' motion for protective order (ECF No. 34) is GRANTED and all non-exhaustion related discovery is stayed pending the resolution of defendants' motion for summary judgment (ECF No. 33);

2. Defendant's motion to modify the scheduling order (ECF No. 35) is GRANTED:

    a. The discovery cut-off is now March 15, 2018 and all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

    b. Dispositive motions must be filed by June 9, 2018.

DATED: October 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE